CHAS. F. GARRIGUES COMPANY, Respondent, *v.* NEW YORK PRODUCE EXCHANGE, Appellant, Impleaded with MASON HARKER, Defendant.

First Department, July 6, 1925.

Corporations — membership corporation — action by corporation to compel New York Produce Exchange to issue new certificate of membership in place of one issued to employee and taken by another employee — plaintiff paid for original certificate issued to employee — plaintiff's vice-president procured transfer of original certificate to himself — under rules of defendant corporation, corporation cannot become member — defendant cannot be compelled to issue certificate to plaintiff or its nominee.

The New York Produce Exchange, a membership corporation, will not be compelled to issue a new certificate to the plaintiff corporation or to a nominee thereof to take the place of a certificate issued to one of plaintiff's employees and paid for by the plaintiff, which certificate was transferred without plaintiff's consent to its vice-president, a defendant in this action, who subsequently sold it, for the rules of the defendant corporation prohibit a corporation from becoming a member, and furthermore, those rules provide that none shall receive a certificate of membership until he is elected to membership in the New York Produce Exchange, and, therefore, since the plaintiff's interest in the original certificate is subject to the rules of the New York Produce Exchange, it cannot compel the Exchange to issue a certificate to it or to its nominee.

It is no answer for the plaintiff to urge that it will appoint as its nominee a person who is now a member of the Exchange, since there is no authority in the charter or by-laws of the Exchange for the issuance of more than one certificate to a member.

APPEAL by the defendant, New York Produce Exchange, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 23d day of July, 1923, upon the decision of the court rendered after a trial at the New York Special Term.

The judgment directs the appellant to issue to plaintiff a new membership certificate in place of one. wrongfully taken from plaintiff by the defendant Harker, and enjoining it from recognizing the certificate now outstanding.

*Baldwin, Holt, Gaillard & Fisher* [*Frederick S. Fisher* of counsel; *William D. Gaillard* with him on the brief], for the appellant.

*Warren Bigelow*, for the respondent.

FINCH, J.:

The appellant, New York Produce Exchange, is a membership corporation, to each member of which is issued a certificate of membership. These certificates are transferable and sell in the open market. They do not, however, entitle a transferee to membership in the exchange, but merely to the right to apply for election to such membership.

In 1914 the plaintiff corporation purchased one of the aforesaid membership certificates, and had the same issued to one Peters, an employee of the plaintiff, the latter not being eligible to membership because a corporation. Peters subsequently left the plaintiff's employ and the certificate was transferred to another employee of the plaintiff, one Canary, who indorsed in blank the certificate issued to him, and the same was deposited in the plaintiff's safe. The defendant Harker, who was the vice-president of the plaintiff, took the certificate from the plaintiff's safe, had it transferred to his own name and had himself elected to membership in the exchange. Upon discovering the loss of the certificate the plaintiff brought this action to recover the same and for an injunction. At the time of the commencement of the action Harker had the certificate in his possession. The plaintiff obtained a preliminary injunction restraining Harker from selling the certificate. This injunction subsequently was dissolved, whereupon Harker sold the certificate to one George Slokovich. At the trial the complaint was amended so as to demand a money judgment against Harker for damages in addition to the relief demanded that a new certificate be issued by the exchange. The plaintiff recovered a judgment

against Harker for $1,680.90 and against the exchange directing it to issue a new certificate of membership representing the misappropriated certificate, in the name of plaintiff's nominee, and enjoining the exchange from recognizing the outstanding certificate.

The judgment against the appellant New York Produce Exchange cannot be sustained. It has specifically been found by the trial court that the certificate issued to Canary, duly assigned in writing by him, was presented to the appellant by Harker, together with the latter's application for membership in the exchange, and that the said Harker was duly elected to membership and the certificate standing in the name of Canary was regularly transferred on the books of the appellant to Harker, the Canary certificate canceled and a new certificate issued to Harker. Under the charter and by-laws of the appellant only such persons as have been regularly elected to membership therein may receive certificates of membership. The plaintiff never was elected to membership in the appellant and, as already noted, by reason of being a corporation it is not eligible to election to membership. To compel the appellant, therefore, to issue a certificate of membership to the plaintiff or to its nominee, would be requiring the appellant to do an act in violation of the provisions of its charter and by-laws, and in effect be forcing a new and additional member upon the appellant or requiring the issuance of an extra certificate if issued to a person already a member. To such relief the plaintiff is not entitled, since any interest of the plaintiff in the appellant or in any certificate of membership therein necessarily is subject to the provisions of the charter and by-laws of the appellant. (*Hyde* v. *Woods*, 94 U. S. 523, 524; *Chicago Board of Trade* v. *Johnson*, 264 id. 1.) The appellant is a membership corporation, organized under a special act of the Legislature (Laws of 1862, chap. 359, as amd. by Laws of 1867, chap. 30, as amd.) for purposes other than pecuniary profit and does not engage in business. A court of equity will not undertake to force upon a corporation of this character a member or compel the issuance of an extra membership certificate against the will of those whose duty it is to pass upon applications of membership or to issue such certificates — both of these acts being in violation of the by-laws of the corporation. In the case of *American Live Stock Commission Co.* v. *Chicago Live Stock Exchange* (143 Ill. 210) it appears that the defendant, the Chicago Live Stock Exchange, was organized by merchants engaged in the sale of live stock for others on commission. Subsequently a number of stock producers formed the complainant corporation, The American Live Stock Commission Company, for the purpose of selling their own live stock. In order to sell live stock at the

stock yards market it was necessary to be a member of the Chicago Live Stock Exchange, and, therefore, the complainant caused its manager to purchase from the legal holder thereof a certificate of membership in said exchange, and obtained the transfer of the same to its manager, one Rogers. Rogers, thereupon, signed an agreement to abide by the rules, regulations and by-laws of the Chicago Live Stock Exchange, and the latter issued to him a certificate of membership, which certificate he held in trust for the complainant. Subsequently, the complainant's said manager, having ceased to act for it, surreptitiously abstracted from the desk of the complainant the certificate of membership, which had been assigned in blank, and converted the same to his own use. The complainant by a bill in chancery prayed, among other relief, for an injunction restraining the said Rogers from using or disposing of said certificate of membership, and enjoining the Chicago Live Stock Exchange from issuing another certificate in place thereof to any one other than the complainant or its authorized general manager. The court, by Mr. Chief Justice BAILEY, said:

" Said Live Stock Exchange is a corporation, not for pecuniary profit, organized March 13, 1884, under the laws of this State * * *.

" The case sought to be made by the complainant is presented under two aspects. First, it is claimed that, either by itself or through its general manager, the complainant is, or is entitled to be, admitted a member of the Exchange * * *.

" We are unable to see upon what principle it can be justly claimed that the complainant is a member of the Exchange or entitled to the privileges of membership, or that it is in a position where it can insist upon being admitted to membership as a matter of right. Whatever may have been its rights while Rogers, its manager, was a member, those rights no longer exist, as, by its own admission, Rogers is no longer its manager, and is no longer a member of the Exchange. * * *

" It may also be noticed, in immediate connection with the point now under consideration, that a court of chancery has no power to order the Exchange to issue the certificate of membership formerly held by Rogers to the complainant or its general manager, so as to constitute it or him a member. Before an applicant can become a member, his application must, among other things, be indorsed by two members, and must receive the approval of at least seven members of the board of directors, voting by ballot. Members and directors of such corporations, in acting upon applications for membership, are necessarily entitled to a freedom which is not

subject to judicial compulsion.  *  *  *  In other words, a court of chancery will not undertake to force upon a corporation of this character, a member, against the will of those whose duty it is to pass upon applications for membership."

It is no answer for the respondent to urge that it will appoint as its nominee a person who now is a member of the appellant, since there is no authority in the charter or by-laws of the appellant for the issuance of more than one certificate to a member, but on the contrary would be in violation of the plain intent of the same, since the by-laws provide that *each* member shall be entitled to receive *a* certificate of membership, which certificate is subject to assessments for gratuity purposes and membership entitles the family of a deceased member to a portion of a fund called the gratuity fund.  In addition such extra certificate would thus lessen the interest of every other member of the exchange in said fund.  The present holder of the certificate issued by the exchange to Harker is not a party to this action.  Any rights such holder may have will depend upon the facts he may be able to show.

It follows that the judgment should be modified by a dismissal of the complaint as against the New York Produce Exchange, with costs to the appellant.

CLARKE, P. J., DOWLING, McAVOY and MARTIN, JJ., concur.

Judgment modified by dismissing the complaint as against the New York Produce Exchange, with costs to the appellant. Settle order on notice.